IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| FRONT ROW TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. _____ |
| | ) |
| NBA MEDIA VENTURES. | ) |
| TURNER SPORTS INTERACTIVE, INC. | ) |
| and TURNER DIGITAL BASKETBALL | ) |
| SERVICES, INC. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF FRONT ROW TECHNOLOGIES, LLC'S
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Front Row Technologies, LLC ("Front Row Technologies") files this Original Complaint for patent infringement against Defendants NBA Media Ventures ("NBAMV"), Turner Sports Interactive, Inc. ("TSI") and Turner Digital Basketball Services, Inc. ("TDBS") (collectively "Defendants"), and alleges as follows upon information and belief:

### I.   PARTIES

1. Plaintiff Front Row Technologies is a New Mexico limited liability company having its principal place of business at 117 Bryn Mawr Drive SE, Albuquerque, New Mexico 87106.

2. Defendant NBAMV is a Delaware limited liability company with its principal place of business located at 450 Harmon Meadow Blvd., Secaucus, New Jersey 07094.

3. Defendant TSI is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at One CNN Center, Atlanta, Georgia 30303. TSI is a resident of Georgia who engages in business in the State of Georgia and this

action arises, in part, out of TSI's business directed to and in the State of New Mexico. TSI is in the business of broadcasting sporting events through electronic and wireless instrumentalities in interstate commerce and specifically does so in the State of New Mexico.

4. Defendant TDBS is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at One CNN Center, Atlanta, Georgia 30303. TDBS may be served through its agent for service of process C T Corporation System, 1201 Peachtree St. NE, Atlanta, GA 30361. TDBS is in the business broadcasting sporting events through electronic and wireless instrumentalities in interstate commerce and specifically does so in the State of New Mexico.

## II. JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United Stated Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

6. Personal jurisdiction exists over each Defendant because each Defendant has sufficient minimum contacts with the forum as a result of business regularly conducted within the State of New Mexico. In addition, personal jurisdiction also exists specifically over Defendants as a result of, at least, Defendants' distribution network wherein Defendants, individually and collectively, placed instrumentalities and provided services and applications that practice the claimed inventions within the stream of commerce, which stream is directed at the State of New Mexico, and by committing the tort of patent infringement within the State of New Mexico.

7. Venue is proper in this Court under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

### III. INFRINGEMENT OF UNITED STATES PATENTS

8. Plaintiff Front Row Technologies is the owner of all rights, title and interest in and under United States Patent No. 8,583,027 (the "'027 patent"), titled "Methods and Systems for Authorizing Computing Devices for Receipt of Venue-Based Data Based on the Location of a User," which duly and legally issued on November 12, 2013. A true and correct copy of the '027 patent is attached hereto as **Exhibit A**.

9. The '027 patent is valid and enforceable.

10. All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '027 patent.

### IV. CLAIM ONE - INFRINGEMENT OF THE '027 PATENT

11. Front Row Technologies incorporates by reference all paragraphs above as though fully repeated herein.

12. Defendants have been and continue to directly infringe the '027 patent by making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities and/or services that practice one or more claims of the '027 patent in violation of § 271(a), including, but not limited to the: NBA League Pass Mobile and NBA League Pass Broadband.

13. Defendants have at no time, either expressly or impliedly, been licensed under the '027 patent.

14. Plaintiff Front Row Technologies has no adequate remedy at law against the Defendant's acts of patent infringement. Unless Defendants are permanently enjoined from its unlawful and willful infringement of the '027 patent, Front Row Technologies will suffer irreparable harm.

15. As a direct and proximate result of Defendants' acts of patent infringement, Front Row Technologies has been and continues to be injured, and has sustained and will continue to sustain substantial damages. Under 35 U.S.C. § 281, Plaintiff Front Row Technologies shall have a remedy for Defendants' infringement of the '027 patent by virtue of this lawsuit, and shall be entitled to an award of damages adequate to compensate for Defendants' infringement of the '027 patent; but in no event, less than a reasonable royalty for the use and/or sale of its invention made by the Defendant, together with interest and costs as fixed by the court under 35 U.S.C. § 284.

## V. PRAYER FOR RELIEF

Plaintiff Front Row Technologies, LLC respectfully requests that judgment be entered in its favor against Defendants NBA Media Ventures, Turner Sports Interactive, Inc.; and Turner Digital Basketball Services, Inc. and respectfully requests that this Court grant it the following relief:

a) Declare Plaintiff Front Row Technologies, LLC exclusively owns the '027 patent;

b) Declare the '027 patent is valid and enforceable;

c) Declare that Defendants NBA Media Ventures, Turner Sports Interactive, Inc.; and Turner Digital Basketball Services, Inc. are liable for past and present direct infringement, both literally and under the doctrine of equivalents, of the '027 patent;

d) Award damages to Plaintiff Front Row Technologies, LLC to which it is entitled for Defendants' infringement of the '027;

16. Enter a permanent injunction against Defendants NBA Media Ventures, Turner Sports Interactive, Inc.; and Turner Digital Basketball Services, Inc. for their acts of direct infringement of the '027.

## VI.  JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Plaintiff Front Row Technologies, LLC asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues.


Dated: December 5, 2013

Respectfully submitted,

*/s/ Bryan J. Davis*
Bryan J. Davis, Esq.
William G. Gilchrist, Esq.
DAVIS, GILCHRIST & LEE, P.C.
124 Wellesley Drive SE
Albuquerque, New Mexico 87106
Telephone: 505.435.9908
bryan@dglnm.com

Michael W. Shore
Alfonso Garcia Chan
Christopher L. Evans
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: 214.593.9110
Facsimile: 214.593.9111
mshore@shorechan.com
achan@shorechan.com
cevans@shorechan.com

Attorneys for Plaintiff
Front Row Technologies, LLC